UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROBERT REED and NICOLE NAZARIO,

                Plaintiffs,

-against-

THE COUNTY OF WESTCHESTER, WESTCHESTER
COUNTY DEPARTMENT OF CORRECTION and
COMISSIONER JOSEPH K. SPANO

                Defendants.
------------------------------------------------------------------X

**NOTICE OF REMOVAL**

From the Supreme Court,
State of New York,
County of Westchester,
Index No. 52515/2020

Defendants THE COUNTY OF WESTCHESTER, WESTCHESTER COUNTY DEPARTMENT OF CORRECTION and COMISSIONER JOSEPH K. SPANO (collectively, "Defendants"), pursuant to 28 U.S.C. § 1446, hereby remove the action captioned *Robert Reed and Nicole Nazario v. The County of Westchester, Westchester County Department of Correction and Comissioner Joseph K. Spano*, docketed as Index No. 52515/2020 in the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York. The grounds for removal are as follows:

1. On or about February 19, 2020, plaintiffs filed a Summons and Complaint, Index No. 52515/2020, in the Supreme Court of New York, County of Westchester. Plaintiffs served defendants on February 27, 2020.

2. In accordance with 28 U.S.C. § 1446(a), all of the process and pleadings served upon Defendants in this action are attached to this notice as Exhibit A.

3. Plaintiffs' Complaint, besides state law claims, asserts violations to the United States Constitution, specifically the Fourth, Fifth and Fourteenth Amendments, and express statutory law, including 42 U.S.C. §§ 1983 and 1985 due to alleged flaws in the defendants'

violence and domestic violence review process thereby permitting and tolerating a pattern and practice of unjustified, unsupervised, uncontrolled, unreprimanded, undiscliplined, and unreasonable custom of propensity for violence, including but not limited to domestic violence, by its employees against other employees. *See* Exhibit A, pp. 10-13.

4. This case, therefore, falls within this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

5. Defendants may remove this action pursuant to 28 U.S.C. § 1441(a), which includes

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

6. The majority of courts have held that 28 USCS § 1441(a) "provides for removal of any case over which federal courts have original jurisdiction" except as otherwise expressly provided by statute. *Aben v. Dallwig*, 665 F. Supp. 523, 525 (E.D. Mich. 1987). "No Act of Congress expressly provides that § 1983 causes of action should be treated as nonremovable." *Gleichauf v. Ginsberg*, 859 F. Supp. 229, 231 (S.D. W.Va. 1994); *see also; Aben, supra*. The great majority of courts addressing whether § 1983 claims are removable have concluded original jurisdiction precludes remand despite the concurrent jurisdiction of state courts. *Id., see also, Aben, supra; Dorsey v. Detroit*, 858 F.2d 338, 341 (6th Cir. 1988); *Hummel v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 749 F. Supp. 1023, 1025 (D.Hawaii 1990); *Mercy Hospital Asso. v. Miccio*, 604 F. Supp. 1177, 1180 (E.D.N.Y. 1985) ("To make removal discretionary with the district court and base exercise of that discretion on a principle of deference to initial filing destroys the purpose and effect of the removal provisions. The removal statutes by their very

purpose and nature take away plaintiff's power to choose the forum in limited cases."); *Spencer v. South Florida Water Management Dist.*, 657 F. Supp. 66, 67, (S.D.Fla. 1986) ("The mere fact that concurrent jurisdiction exists under this statute does not prohibit a defendant from properly removing a case to federal court so long as the main requirement under the federal removal statute, 28 USC § 1441(a), is met; namely, that the district court have original jurisdiction over the matter, regardless of which court the complainant initiated the action first."); *DiAntonio v. Pennsylvania State University*, 455 F. Supp. 510, 512 (M.D. Pa. 1978).

7.  In this matter, this Court has original jurisdiction over Plaintiffs' 42 U.S.C. § 1983 claims as plead in their Summons and Complaint. *See* Exhibit A, pp. 10-13. In addition, the parties reside in Westchester County, and the alleged conduct giving rise to Plaintiffs' claims occurred in Westchester County. See Exhibit A, p. 3, ¶¶ 1, 2. Therefore, removal to this Court is proper.

8.  Notice of removal shall be filed within 30 days after receipt by the defendants of a copy of the initial pleading. *See* 28 U.S.C. § 1446(b)(1), (2). Therefore, this notice is timely as 30 days have not passed since Defendants were served with a copy of the Summons and Complaint on February 27, 2020. Affidavits of Service of the Summons and Complaint on all defendants collectively annexed hereto as Exhibit B.

9.  The Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Court, Supreme Court of the State of New York, County of Westchester.

10. This submission does not constitute a waiver of any defense available to the Defendants, including any defense under Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully request that the above-captioned action, now pending in the Supreme Court of the State of New York, County of Westchester, be removed therefrom to this Court.

Dated: White Plains, New York
March 13, 2020

                                        Yours, etc.

                                        JOHN M. NONNA
                                        Westchester County Attorney
                                        Attorney for Defendants

                                        By: _____
                                        Francesca L. Mountain (FM 9023)
                                        Senior Assistant County Attorney
                                        of Counsel
                                        148 Martine Avenue, Room 600
                                        White Plains, New York 10601
                                        (914) 995-2010
                                        flm9@westchestergov.com

To:    MIROWITZ & WASSERBERG, LLP
        Attorneys for Plaintiffs
        535 Fifth Avenue, 23rd Floor
        New York, NY 10017
        (212) 897-1988