# EXHIBIT

# A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------------x
ROBERT REED and NICOLE NAZARIO,

                    Plaintiff/Petitioner,

        - against -                        Index No. 52515/2020
THE COUNTY OF WESTCHESTER, WESTCHESTER
COUNTY DEPARTMENT OF CORRECTION and
COMMISSIONER JOSEPH K. SPANO,
                    Defendant/Respondent.
-----------------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Consensual Case)
### (Uniform Rule § 202.5-b)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (_Attorneys_: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

**The benefits of participating in e-filing include:**

        - serving and filing your documents electronically

        - free access to view and print your e-filed documents

        - limiting your number of trips to the courthouse

        - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 02/19/2020

Jonathan A. Alvarez, Esq.
Name
Meirowitz & Wasserberg, LLP

Firm Name

535 Fifth Avenue, 23rd Fl.

New York, NY 10017
Address

212-897-1988
Phone

jonathan@mwinjurylaw.com
E-Mail

To:   County of Westchester

148 Martine Avenue

White Plains, NY 10601

6/6/18

Index  #                    Page 2  of 2                    EF-3

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM    INDEX NO. 52515/2020
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 02/19/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

------------------------------------X

ROBERT REED and NICOLE NAZARIO.

        Plaintiffs,

-against-

THE COUNTY OF WESTCHESTER, WESTCHESTER
COUNTY DEPARTMENT OF CORRECTION and
COMMISSIONER JOSEPH K. SPANO.

        Defendants.

------------------------------------X

Index No.:
SUMMONS

Plaintiff designates
Westchester County as
the place of trial

The basis of venue is
Plaintiffs' residence

Plaintiffs' address:
82 Buckingham Road
Yonkers, New York 10701

To the above-named Defendant(s):

        **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve
a copy of your Answer on Plaintiff's attorney within twenty (20) days after the service of this
Summons, exclusive of the day of service (or within thirty (30) days after the service is complete
if this Summons is not personally delivered to you within the State of New York); and in case of
your failure to appear or answer, judgment will be taken against you by default for the relief
demanded herein.

Dated:   New York, New York
        February 18, 2020

Defendant(s) Address:

COUNTY OF WESTCHESTER
148 Martine Avenue
White Plains, New York 10601

WESTCHESTER COUNTY DEPARTMENT OF
CORRECTION
10 Woods Road
Valhalla, New York 10595

Respectfully,

MEIROWITZ & WASSERBERG, LLP

JONATHAN A. ALVAREZ, ESQ.
Attorneys for Plaintiff
535 Fifth Avenue, 23rd Fl.
New York, NY 10017
(212) 897-1988

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM

NYSCEF DOC. NO. 1

INDEX NO. 52515/2020

RECEIVED NYSCEF: 02/19/2020

COMMISSIONER JOSEPH K. SPANO
WESTCHESTER COUNTY
DEPARTMENT OF CORRECTION
10 Woods Road
Valhalla, New York 10595

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM    INDEX NO. 52515/2020
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 02/19/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------X          Index No.:

ROBERT REED and NICOLE NAZARIO,

               Plaintiff(s),          **VERIFIED COMPLAINT**

-against-

THE COUNTY OF WESTCHESTER, WESTCHESTER
COUNTY DEPARTMENT OF CORRECTION and
COMMISSIONER JOSEPH K. SPANO,

               Defendant(s).
------------------------------------X

      Plaintiffs, **ROBERT REED AND NICOLE NAZARIO**, by their attorneys,

**MEIROWITZ & WASSERBERG, LLP**, as and for their Verified Complaint herein, respectfully

set forth and allege upon information and belief the following:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS
### FOR ASSAULT AND BATTERY

      1.     That at all times hereinafter mentioned, Plaintiff ROBERT REED was, and

still is, a resident of the County of Westchester, State of New York.

      2.     That at all times hereinafter mentioned, Plaintiff NICOLE NAZARIO

was, and still is, a resident of the County of Westchester, State of New York.

      3.     That at all times hereinafter mentioned, defendant THE COUNTY OF

WESTCHESTER ("COUNTY") was and still is a municipal corporation created, organized and

existing under and by virtue of the laws of the State of New York.

      4.     That at all times hereinafter mentioned, defendant WESTCHESTER

COUNTY DEPARTMENT OF CORRECTIONS ("WCDOC") was and still is a municipal

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM    INDEX NO. 52515/2020
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/19/2020

corporation created, organized and existing under and by virtue of the laws of the State of New York.

5.    That at all times hereinafter mentioned, defendant COMMISSIONER JOSEPH K. SPANO (hereinafter "COMMISSIONER SPANO") was and still is the Commissioner in charge of the Westchester County Department of Corrections in the State of New York.

6.    That prior to the commencement of this action, and on or about February 27, 2019, the plaintiffs duly filed with the defendants a written verified Notice of Claim pursuant to Section 50-h of the General Municipal Law.

7.    That more than 30 days have elapsed since the presentation of said claims and the defendants have failed and neglected to make any payment of such claim and cause of action.

8.    That on May 29, 2019, plaintiff ROBERT REED (hereinafter "REED") testified at a 50-H hearing pursuant to the General Municipal Law.

9.    That on May 29, 2019, plaintiff NICOLE NAZARIO (hereinafter "NAZARIO") testified at a 50-H hearing pursuant to the General Municipal Law.

10.    This action is being commenced within 1 year and 90 days after the happening of the incident giving rise to this action.

11.    That the cause of action alleged herein arose in the County of Westchester, State of New York.

12.    That this action falls within one or more exemptions set forth in CPLR § 1602.

13.    That at all times hereinafter mentioned, Defendant COUNTY employed Correction Officer Edward Quinoy, Shield No.: 1406.

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM    INDEX NO. 52515/2020
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 02/19/2020

14.    That at all times hereinafter mentioned, Defendant WCDOC employed Correction Officer Edward Quinoy, Shield No.: 1406.

15.    That at all times hereinafter mentioned, Defendant COMMISSIONER JOSEPH K. SPANO (hereinafter "COMMISSIONER SPANO") employed Correction Officer Edward Quinoy, Shield No.: 1406.

16.    That at all times hereinafter mentioned, Defendant COUNTY issued Correction Officer Edward Quinoy, Shield No.: 1406, a license and/or permit to carry a gun.

17.    That at all times hereinafter mentioned, Defendant WCDOC issued Correction Officer Edward Quinoy, Shield No.: 1406, a license and/or permit to carry a gun.

18.    That at all times hereinafter mentioned, Defendant COUNTY issued Correction Officer Edward Quinoy, Shield No.: 1406, a gun as part of his employment with defendant.

19.    That at all times hereinafter mentioned, Defendant WCDOC issued Correction Officer Edward Quinoy, Shield No.: 1406, a gun as part of his employment with defendant.

20.    That at all times hereinafter mentioned, Officer Edward Quinoy, Shield No.: 1406, was on duty and in the course of his employment with defendants.

21.    That on December 7, 2018, plaintiffs REED and NAZARIO were assaulted and battered by Officer Edward Quinoy, Shield No.: 1406, an employee of defendant COUNTY, while acting in the course of his duties and employment with defendant COUNTY.

22.    That on December 7, 2018, plaintiffs REED and NAZARIO were assaulted and battered by Officer Edward Quinoy, Shield No.: 1406, an employee of defendant WCDOC, while acting in the course of his duties and employment with defendant WCDOC.

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM
NYSCEF DOC. NO. 1

INDEX NO. 52515/2020
RECEIVED NYSCEF: 02/19/2020

23.    That on December 7, 2018, plaintiffs REED and NAZARIO were assaulted and battered by Officer Edward Quinoy, Shield No.: 1406, an employee of defendants, when he used a gun or guns issued by defendants.

24.    Defendants COUNTY, WCDOC and/or COMMISSIONER SPANO are vicarious liable to the plaintiff's for Officer Edward Quinoy's tortious conduct via the principle of *respondeat superior.*

25.    That during the course of the assault and battery, plaintiffs REED and NAZARIO were caused to suffer and sustain permanent and severe personal injuries.

26.    That as a result of the foregoing, plaintiffs REED and NAZARIO have been damaged in an amount which exceeds the jurisdictional limit of all lower courts that would otherwise have jurisdiction in this matter.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
## FOR NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

27.    That at all times hereinafter mentioned, plaintiffs REED and NAZARIO, reiterate and reallege each and every allegation contained in the paragraphs of this Complaint herein, as though more fully set forth herein at length.

28.    That at all times hereinafter mentioned, defendant COUNTY, by and through its agents, servants, and/or employees, was negligent, careless and reckless in the hiring and retention of Correction Officers, and in particular Office Edward Quinoy, Shield No.: 1406.

29.    That at all times hereinafter mentioned, defendant WCDOC, by and through its agents, servants, and/or employees, was negligent, careless and reckless in the hiring and retention of Correction Officers, and in particular Office Edward Quinoy, Shield No.: 1406.

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM

NYSCEF DOC. NO. 1

INDEX NO. 52515/2020

RECEIVED NYSCEF: 02/19/2020

30.    That at all times hereinafter mentioned, defendant COUNTY, by and through its agents, servants, and/or employees, was negligent, careless and reckless in the training and supervision of Correction Officers, and in particular Office Edward Quinoy, Shield No.: 1406.

31.    That at all times hereinafter mentioned, defendant WCDOC, by and through its agents, servants, and/or employees, was negligent, careless and reckless in the training and supervision of Correction Officers, and in particular Office Edward Quinoy, Shield No.: 1406.

32.    That at all times hereinafter mentioned, defendant COUNTY, by and through its agents, servants, and/or employees, was grossly negligent, careless and reckless in the hiring, training, supervision and retention of Correction Officers, and in particular Office Edward Quinoy, Shield No.: 1406.

33.    That at all times hereinafter mentioned, defendant WCDOC, by and through its agents, servants, and/or employees, was grossly negligent, careless and reckless in the hiring, training, supervision and retention of Correction Officers, and in particular Office Edward Quinoy, Shield No.: 1406.

34.    That at all times hereinafter mentioned, defendant COUNTY, by and through its agents, servants, and/or employees, was negligent, careless and reckless in the hiring of correction officers as follows: in failing to take any and all appropriate steps to properly screen the aforesaid persons; in failing to take appropriate steps to prevent the aforementioned occurrence; in causing, allowing, and/or permitting dangerous/immature/incompetent individual(s) to be, remain and exist in a position of which they were not qualified and which put others at risk; in causing, allowing, and/or permitting dangerous/immature/incompetent individual(s) to be issued a permit for a gun and/or a gun when they were not qualified and

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM    INDEX NO. 52515/2020
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 02/19/2020

which put others at risk; in failing to properly handle claims of domestic violence to prevent further violent acts by its employees; in failing to ascertain or screen its employees when they have been denied gun privileges by other entities and/or the State; in improperly training its employees; in failing to properly screen Correction Officers to execute the duties of a correction officer; in failing to properly oversee and supervise; in failing to revoke gun privileges despite being aware of dangerous and violent propensities of its correction officers; in failing to retrain its employees; in failing to reprimand its employees after knowledge of violent behavior; in causing and/or suffering, allowing and permitting dangerous/immature/incompetent individual(s) to be, remain and exist in a position which they were not qualified for, after notice of same, all of which the defendants, by and through their agents, servants, and/or employees, had actual and/or constructive notice thereof and in general, the defendants still failed to use that degree of care and caution warranted under all surrounding circumstances.

35.    That at all times hereinafter mentioned, defendant WCDOC, by and through its agents, servants, and/or employees, was negligent, careless and reckless in the hiring of correction officers as follows: in failing to take any and all appropriate steps to properly screen the aforesaid persons; in failing to take appropriate steps to prevent the aforementioned occurrence; in causing, allowing, and/or permitting dangerous/immature/incompetent individual(s) to be, remain and exist in a position of which they were not qualified and which put others at risk; in causing, allowing, and/or permitting dangerous/immature/incompetent individual(s) to be issued a gun when they were not qualified and which put others at risk; in failing to properly handle claims of domestic violence to prevent further violent acts by its employees; in failing to ascertain or screen its employees when they have been denied gun privileges by other entities and/or the State; in improperly training its employees; in failing to properly screen Correction Officers to execute the duties of a correction officer; in failing to

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM    INDEX NO. 52515/2020
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 02/19/2020

properly oversee and supervise; in failing to revoke gun privileges despite being aware of

dangerous and violent propensities of its correction officers; in failing to retrain its employees; in

failing to reprimand its employees after knowledge of violent behavior; in causing and/or

suffering, allowing and permitting dangerous/immature/incompetent individual(s) to be, remain

and exist in a position which they were not qualified for, after notice of same, all of which the

defendants, by and through their agents, servants, and/or employees, had actual and/or

constructive notice thereof and in general, the defendants still failed to use that degree of care

and caution warranted under all surrounding circumstances.

36.    That the incident and resulting injuries sustained by plaintiffs, were caused

by the defendant COUNTY, by and through its agents, servants, and/or employees, in that it is

vicariously negligent, careless and reckless for the actions of Officer Edward Quinoy, Shield

No.: 1406.

37.    That the incident and resulting injuries sustained by plaintiffs, were caused

by the defendant WCDOC, by and through its agents, servants, and/or employees, in that it is

vicariously negligent, careless and reckless for the actions of Officer Edward Quinoy, Shield

No.: 1406.

38.    That by reason of the foregoing and the negligence of said defendants,

these plaintiffs sustained serious, severe, and permanent injuries to their head, limbs and body,

still suffer and will continue to suffer from some time, great physical and mental pain and serious

bodily injury; became sick, sore, lame and disabled and so remained for a considerable length of

time.

39.    That by reason of the foregoing and the negligence of the said defendants,

these plaintiffs are informed and verily believe their aforesaid injuries are permanent and they

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM    INDEX NO. 52515/2020
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 02/19/2020

will permanently suffer from the effects of their injuries and they will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

40.    That by reason of the foregoing, these plaintiffs were compelled and did necessarily require medical aid and attention and did necessarily pay and become liable therefore, for medicine and upon information and belief, the plaintiffs will necessarily incur similar expenses in the future.

41.    That by reason of the wrongful, intentional, negligent and unlawful actions of the defendants, as aforesaid, the plaintiffs were severely injured, bruised, and wounded, suffered still suffer, and will continue to suffer for some time great physical pain and great bodily injuries and became sick, sore, lame and disabled and so remain and will remain for a considerable length of time.

42.    That as a result of the foregoing, plaintiffs REED and NAZARIO have been damaged in an amount which exceeds the jurisdictional limit of all lower courts that would otherwise have jurisdiction in this matter.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS
### FOR A MONELL CLAIM PURSUANT TO 42 U.S.C. § 1983

43.    That at all times hereinafter mentioned, plaintiffs REED and NAZARIO, reiterate and reallege each and every allegation contained in the paragraphs of this Complaint herein, as though more fully set forth herein at length.

44.    Prior to December 7, 2018 and since, the defendants COUNTY, WCDOC and/or COMMISSIONER SPANO have permitted and tolerated a pattern and practice of unjustified, unsupervised, uncontrolled, unreprimanded, undisciplined, and unreasonable custom of propensity for violence, including but not limited to domestic violence, among and by its

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM     INDEX NO. 52515/2020

NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 02/19/2020

employees against fellow employees and/or civilians. Although such violence has been exhibited, the officers involved were not prosecuted, disciplined or subjected to restraint, and such incidents may have been, or were in fact, covered up with official claims that the exhibited violence was reasonable, minor, justified and/or proper. As a result, correction officers employed by defendants were caused and encouraged to believe that fellow employees and/or civilian persons could be victimized, and that such conduct would in fact be permitted by the defendants.

45.    In addition to permitting a pattern and practice of abuse and violence of fellow employee(s) and/or civilian persons, the defendants have failed to maintain a proper system for investigation all incidents of violence displayed and committed by employees, including but not limited to domestic violence committed by correction officers.

46.    The defendants have maintained a system of review of violence displayed and committed by employees, which includes domestic violence, that has failed to identify these violent acts and/or has failed to subject correction officers who assault fellow officers and/or civilian persons to discipline, closer supervision or restraint, to the extent that it has become the custom of the defendants to tolerate these actions by correction officers.

47.    Upon information and belief, specific flaws in the defendants violence and domestic violence review process include, but are not limited to, the following:

a.    Failing to prepare reports of violence and/or domestic violence allegations by fellow employees and/or civilian persons, regardless of whether such allegations are founded or unfounded;

b.    Failing to properly investigate reports of violence and/or domestic violence committed by employees after such allegations have been made;

c.    Exonerating employees accused of violence and/or domestic violence before such investigations have been concluded;

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM

NYSCEF DOC. NO. 1

INDEX NO. 52515/2020

RECEIVED NYSCEF: 02/19/2020

d.    Failing to monitor employees that have been accused of violent acts and/or domestic violence;

e.    Failing to discipline, prosecute and/or subject to restraint, any and all employees that have been accused of violent acts and/or violence, or where it has been conclusively found that such acts were in fact committed by said employees;

g.    Allowing employees accused of violent acts and/or domestic violence to have a permit to possess a gun and/or have access to a gun;

h.    Failing to properly screen employees before allowing them to possess a gun;

i.    Failing to properly train its correction officers regarding off-duty and on-duty behavior and use of their service weapons, constituting a deliberate indifference to the rights of those with whom these officers will come into contact;

j.    Failing to restrain employees from use of their issued weapons, when such employees have been denied gun possession privileges by other counties and/or the State of New York.

k.    Failing to follow proper applicable state and federal guidelines to handle accusations of violence and/or domestic violence committed by employees;

48.    The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants caused correction officers of its correction department and/or civilian persons to believe that violent acts, domestic violent acts, and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers would most continue engaging in such behavior.

49.    As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, practices and customs of the Defendants, Correction Officer Edwar Quinoy,

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM        INDEX NO. 52515/2020
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 02/19/2020

Shield No.: 1406, unjustifiably assault and battered plaintiffs all in violation of their civil and

constitutional rights and as a result of said acts, plaintiffs have suffered from severe physical

injury and psychological harm and have been prevented from attending their usual duties.

       50.    By permitting and assisting such a pattern of behavior by correction

officers, the defendants have acted under color of custom and policy to condone, encourage and

promote such violent acts and/or domestic violence, in deprivation of Plaintiffs' rights as

guaranteed under 42 U.S.C. §§ 1983 and 1985 as well as under the Fourth, Fifth and Fourteenth

Amendments of the U.S. Constitution; to wit, Correction Officer Edwar Quinoy, Shield No.:

1406 was encouraged by the defendants to believe that his actions against the plaintiffs would be

accepted without impunity, just as these actions have been so accepted to date.

       51.    As a consequence of Defendants' systemic practice, pattern and custom of

intentionally promoting and supporting Officers' violations of 42 U.S.C. §§ 1983 and 1985,

plaintiffs were deprived of physically harmed, to the extent of which they suffered from various

severe injuries that required medical attention.

       52.    The Defendants had a duty under 42 U.S.C. §§1983 and 1985, as well as

under the Fourth and Fourteenth Amendment, New York State Law, and their own rules and

regulations to prevent and cease the assault on plaintiffs, as well as a duty to investigate,

supervise and discipline Correction Officer Edward Quinoy, Shield No.: 1406, when prior

allegations of violence were made against him, and to prevent other foreseeable wrongful acts

that were eventually committed against plaintiffs. Defendants breached said duty, by their

actions and omissions as described in the preceding paragraphs.

       53.    That by reason of the foregoing, plaintiffs have been damaged in amounts

exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of

this claim.

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM          INDEX NO. 52515/2020

NYSCEF DOC. NO. 1                                             RECEIVED NYSCEF: 02/19/2020

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
## FOR NEGLIGENT ENTRUSTMENT

54.    That at all times hereinafter mentioned, plaintiffs REED and NAZARIO,

reiterate and reallege each and every allegation contained in the paragraphs of this Complaint

herein, as though more fully set forth herein at length.

55.    Upon information and belief, defendant COUNTY, its agents, servants

and/or employees negligently entrusted Correction Officer Edward Quinoy, Shield No.: 1406,

with firearms and with a license and/or permit to carry firearms.

56.    Upon information and belief, defendant WCDOC, its agents, servants

and/or employees negligently entrusted Correction Officer Edward Quinoy, Shield No.: 1406,

with firearms and with a license and/or permit to carry firearms.

57.    Upon information and belief, defendant COMMISSIONER SPANO, his

agents, servants and/or employees negligently entrusted Correction Officer Edward Quinoy,

Shield No.: 1406, with firearms and with a license and/or permit to carry firearms.

58.    Defendants, through their agents, servants, and/or employees, as the owner

and possessor of dangerous instruments, including firearms, was and still is under a duty to

entrust such firearms only to responsible people whose use does not create an unreasonable risk

of harm to others; and by entrusting Correction Officer Edward Quinoy, Shield No.: 1406, with

firearms and with a license and/or permit to carry firearms and in failing to remove said firearms,

defendants were negligent, careless, and reckless and violated the laws of the State of New York.

59.    Defendants, through their agents, servants and/or employees, knew of

and/or should have known the violent, reckless, hazardous, psychotic, mentally ill, and otherwise

dangerous nature of Correction Officer Edward Quinoy, Shield No.: 1406; and as such,

negligently, recklessly and intentionally issued Correction Officer Edwar Quinoy, Shield No.:

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM    INDEX NO. 52515/2020

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/19/2020

1406, firearms and failed to remove said firearms, and all other firearms from him whether issues by the defendants; and failed to take action; and failed to investigate, train, retrain, punish, reprimand, terminate, and/or provide Correction Officer Edward Quinoy, Shield No.: 1406, with counseling for his ongoing problems with violence and his other assorted conditions to which defendants were repeatedly made aware.

60.    The aforesaid occurrence was caused through and by reason of the negligence of defendants, by and through their agents, servants, and/or employees with no negligence on the part of the plaintiffs contributing thereto.

61.    As a direct consequence of defendants' negligently and recklessly entrusting Correction Officer Edwar Quinoy, Shield No.: 1406, with firearms, by failing to remove said firearms, by entrusting him with a license to carry firearms, and by failing to revoke said license, plaintiffs incurred personal injuries, physical injuries, pain and suffering, emotional and psychological trauma.

62.    That by reason of the foregoing, plaintiffs have been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim.

WHEREFORE, Plaintiffs, ROBERT REED and NICOLE NAZARIO, demand judgment against Defendants, THE COUNTY OF WESTCHESTER, WESTCHESTER COUNTY DEPARTMENT OF CORRECTION and COMMISSIONER JOSEPH K. SPANO, in a sum exceeding the jurisdictional limits of all lower Courts which might otherwise have had jurisdiction, together with the costs and disbursements of this action, including attorney fees pursuant to 42 U.S.C. § 1988.

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM

NYSCEF DOC. NO. 1

INDEX NO. 52515/2020

RECEIVED NYSCEF: 02/19/2020

Dated:     New York, New York
           February 18, 2020

Respectfully,

MEIROWITZ & WASSERBERG, LLP

By: _____

JONATHAN A. ALVAREZ, ESQ.
*Attorneys for Plaintiff*
535 Fifth Avenue, 23rd Fl.
New York, NY 10017
(212) 897-1988

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM
NYSCEF DOC. NO. 1

INDEX NO. 52515/2020
RECEIVED NYSCEF: 02/19/2020

## ATTORNEY'S VERIFICATION

JONATHAN A. ALVAREZ, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the truth of the following statements under the penalties of perjury:

Affirmant is the attorney of record for plaintiffs ROBERT REED and NICOLE NAZARIO in the within action.

Affirmant has read the foregoing VERIFIED COMPLAINT and knows the contents thereof.

The same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, affirmant believes them to be true.

The reason this verification is made by affirmant and not by Plaintiff is because Plaintiff does not reside within the County wherein your affirmant maintains his office.

The ground of affirmant's belief as to all matters not stated upon affirmant's own knowledge are as follows: investigation and information received by affirmant in the course of his duties as attorney for the said Plaintiff.

Dated:    New York, New York
          February 18, 2020

JONATHAN A. ALVAREZ, ESQ.
Attorney for Plaintiff

FILED: WESTCHESTER COUNTY CLERK 02/19/2020 10:30 AM

NYSCEF DOC. NO. 1

INDEX NO. 52515/2020

RECEIVED NYSCEF: 02/19/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ROBERT REED and NICOLE NAZARIO,

                   Plaintiffs,

      -against-

THE COUNTY OF WESTCHESTER, WESTCHESTER COUNTY
DEPARTMENT OF CORRECTION and COMMISSIONER JOSEPH
K. SPANO,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

e-file
Index No.:
Date Filed:

VERIFIED COMPLAINT

# SUMMONS &
# VERIFIED COMPLAINT

## MEIROWITZ & WASSERBERG, LLP
*Attorney for Plaintiff*
535 Fifth Avenue, 23rd Floor
New York, New York 10017
(212) 897-1988

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated:  New York, NY
        February 18, 2020

Signed: _____
        Jonathan A. Alvarez, Attorney for Plaintiff

*Service of a copy the within Summons & Verified Complaint is hereby admitted.*

Dated: _____

           _____
           *Attorney(s) for*